# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN MELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2543 NCC |
| | ) | |
| UNUM CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to revoke consent to a magistrate judge and to disqualify and/or recuse the undersigned. The motion will be denied.

Plaintiff filed this action on December 20, 2013, and this case was assigned to the undersigned, United States Magistrate Judge Noelle C. Collins, pending consent to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Plaintiff filed her voluntary, signed consent on January 2, 2014. As plaintiff is proceeding in forma pauperis, and this Court has ordered plaintiff to file an amended complaint [Doc. #5], service has not yet been effectuated and full consent has not yet been attained in this matter.

A.      **Plaintiff's Motion to Revoke Consent**

In her motion to revoke consent and disqualify the undersigned from presiding over the instant case, plaintiff states in a conclusory fashion that the Court is prejudiced against her. Plaintiff claims that the Court should have disqualified itself from hearing this case because it ruled "against her" in requiring her to amend her complaint on January 14, 2014 [Doc. #5]. Plaintiff goes further to state that because the undersigned once worked in a "large firm" where she believes defendant UNUM was once a client, that the Court has some "institutional bias or identity of interest" with defendants. Last, plaintiff states that the Memorandum and Order requiring her to amend her pleading shows an unfair "hostility" in its requirements that she identify her alleged disability in order to maintain her ADA claim before this Court, provide a notice of right to sue letter if, and only if, she was asserting claims under the ADA which required such, and reassert her pleadings to conform with Federal Rules of Civil Procedure 8 and 10.

Title 28 U.S.C. § 636(c)(4) states:

The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

Courts have ruled that adverse rulings against a party are not "extraordinary circumstances" for purposes of § 636(c)(4). See, e.g., Jurado v. Klein Tools, Inc.,

755 F. Supp. 368, 371 (D. Kan. 1991). Factors the Court should consider when ruling on a motion to vacate consent are undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the motion is made in good faith or is dilatory and contrived, and whether the interests of justice would best be served by holding a party to his consent. See Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1021 (5th Cir. 1987).

In this case, it is apparent that plaintiff seeks to overturn what she construes as an "adverse ruling" against her by moving to vacate her consent to a magistrate judge.[1] Under these circumstances, the Court finds that the motion has not been made in good faith, and that justice is best served by holding plaintiff to her consent. In other words, plaintiff has failed to show that extraordinary circumstances exist in this case that would warrant vacating the referral of this matter to a magistrate judge. As a result, the motion will be denied.

B. **Plaintiff's Request to Disqualify/for Recusal of the Undersigned**

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); Moran v. Clarke, 296 F.3d

---

[1]Plaintiff asserts that this Court has no ability to dismiss her action if she fails to comply with the Court's January 14, 2014 Memorandum and Order. Plaintiff is correct. Without full consent of this matter, the action would be transferred to a District Judge for review and enforcement of this Court's Memorandum and Order, pursuant to 28 U.S.C. § 1915(e)(2)(B).

638, 648 (8th Cir. 2002). When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" he must recuse himself. 28 U.S.C. § 455(b)(1). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'" Moran, 296 F.3d at 648 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 859-60 (1988)). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant–section 455(a) sets an objective standard that does not require scienter." Id. (citations omitted). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" Id. (quoting In re Kansas Pub. Employees Retirement Sys., 85 F.3d 1353, 1358 (8th Cir. 1996)). However, "'[a]n unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.'" Id. (quoting Harris v. Missouri, 960 F.2d 738, 740 (8th Cir.1992)).

Under 28 U.S.C. § 144, a party seeking to disqualify a judge because of bias or prejudice may file an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists . . ." Any such affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." Id.

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are [a party's] unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985). Furthermore, "the fact that a party has . . . attempted to initiate unrelated judicial proceedings against the court is insufficient in and of itself to establish bias." Scarrella v. Midwest Fed. Sav. and Loan, 536 F.2d 1207, 1210 (8th Cir. 1976). "To hold otherwise would allow litigants to judge shop by filing a suit against the presiding judge." See In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005) (quotation omitted). Finally, "[a]n adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 665 (8th Cir. 2003).

Plaintiff's affidavit does not meet the requirements of § 144 because it does not contain a certificate of good faith. As a result, the affidavit is procedurally deficient and the undersigned is not obligated to recuse herself under the strict terms of § 144. Additionally, the allegations in the affidavit are not sufficient under the terms of § 144 because they are both frivolous and conclusory. Plaintiff's main point, that the Court should recuse herself because the undersigned "ruled against her" by requiring

her to amend her pleading is without legal merit. See <u>Fletcher</u>, 323 F.3d at 665.

There is simply no factual basis for the Court's recusal in this matter. As a result, the undersigned is obligated to hear this case and decide the pending motions. The request for recusal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to vacate consent to a magistrate judge [Doc. #15] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request that the undersigned recuse herself from this matter [Doc. #15] is **DENIED**.

Dated this 3rd day of February, 2014.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE