**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN MELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2543 NCC |
| | ) | |
| UNUM CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's various pending motions. After review of the record in its entirety, the Court will order the plaintiff to submit her amended complaint on a court-form and deny her remaining motions.

### Background

On December 20, 2013, plaintiff filed the instant action pursuant to the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Specifically, in her complaint against UNUM Corporation, Margaret Heylin and Nutter McClennen and Fish, LLC, plaintiff purported to state a claim under § 502(c) of the Act, asserting that defendants had failed to comply with the duties owed to plaintiff under the terms of the Plan. Plaintiff also appeared to be alleging violations under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., as well as the Missouri Human Rights Act ("MHRA"), making vague and conclusory claims for discrimination and retaliation. However, plaintiff's pleading was difficult to discern, as she had not properly identified her alleged disability, nor had she identified exactly what provisions of the ADA or the MHRA under which she was proceeding.

Rather than pay the filing fee, plaintiff sought leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. After reviewing plaintiff's financial affidavit, the Court granted plaintiff's motion.[1] [Doc. #5]

When a plaintiff moves to proceed in forma pauperis, a Court must review a complaint, pre-service, for frivolousness, maliciousness, and for failure to state a claim. See 28 U.S.C. § 1915(e). After reviewing plaintiff's complaint, the Court found the complaint deficient in several respects and requested that plaintiff amend her pleading, in compliance with Fed. R. Civ. P. 8 and 10. The Court took care to point out several deficiencies in the pleading, and in that same order, plaintiff's request to file this action under seal was also considered and denied. Plaintiff was given thirty (30) days to amend her complaint in compliance with the Court's Memorandum and Order. On January 21, 2014, plaintiff filed a motion to file copies of her Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR") filings under seal. On that same date, plaintiff filed a motion to stay the order to amend, as well as a motion for an "in camera" conference call on "the handling of confidential information." On January 30, 2014, plaintiff motioned to vacate her consent to the undersigned and to disqualify/recuse the Court from this action.[2] Additionally, plaintiff again motioned to stay the order to amend her complaint. For the following reasons, plaintiff's motions will be denied.

---

[1]When a plaintiff is granted leave to proceed in forma pauperis, the Court takes on the responsibility for service of process for the plaintiff once a determination has been made as to the viability of the action, pursuant to 28 U.S.C. § 1915. It appears that plaintiff ignored or disregarded this provision of § 1915 and served defendants by waiver on her own. The Court will order defendants not to answer the complaint until a complete review of the amended pleading has been done under 28 U.S.C. §1915(e).

[2]The Court denied plaintiff's motion to vacate her consent and to disqualify/recuse by separate Order.

**Discussion**

A.    <u>Plaintiff's Motions Relating to the Filing of the Amended Complaint</u>

Plaintiff seeks a reconsideration of this Court's Memorandum and Order requiring her to file an amended complaint in this action. [Doc. #13 and #17] She asserts, in the myriad of motions filed before this Court, that the Court has been "hostile" to her in making her pleadings conform with the Federal Rules of Civil Procedure, particularly Rules 8 and 10. Plaintiff has also argued, in a conclusory fashion, that her original complaint was clear enough to fall within the confines of the Federal Rules and that she should not have to submit an amended pleading in this matter. Plaintiff has also complained that this Court is biased and does not have the authority to require plaintiff to amend her pleadings under 28 U.S.C. § 1915.

1.    **Plaintiff's Original Complaint**

The twelve-page complaint, which was typed and single-spaced, failed to set forth plaintiff's claims in a clear and cogent manner. Although the thrust of the complaint was that plaintiff believed she had been impeded by defendants in investigating the insurance benefits due and owing to her, it was uncertain as to the exact legal counts being brought by plaintiff <u>against each specific defendant</u>. Moreover, it was difficult to tell exactly which factual occurrences purportedly "matched up" with the allegations and legal assertions contained in the complaint. Additionally, the complaint rambled and repeated some of the same allegations several times over, which made it <u>difficult to discern the separate legal counts</u> in the pleading. As such, the Court ordered plaintiff, in accordance with its authority under § 1915 and Fed. R. Civ. P. 8 and 10, to amend her pleading, setting forth the exact manner in which she needed to amend the complaint to comply with the statute and the Federal Rules. Plaintiff was told that her failure to

comply with the Court's Memorandum and Order would result in a dismissal of her complaint, without prejudice, pursuant to Fed. R. Civ. P. 41.

The authority under which the Court reviewed plaintiff's pleading is set forth below. However, before delving into the technical aspects of the pleading deficiencies, the Court feels compelled to state that on the basis of what is outlined below, it will deny plaintiff's motions for relief from the Order to Amend.

### 2.    28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the

4

Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 1951-52.

Plaintiff must understand that the "failure to state a claim" standard under § 1915 review is very similar to the "failure to state a claim" standard under Fed.R.Civ.P. 12(b)(6).  Claims on frivolity review can and, sometimes, are dismissed under Iqbal.

### 3.      Federal Rules of Civil Procedure 8 and 10

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought."  And Rule 10(b) requires that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."  Because the complaint was rambling and repetitive, it did not comply with either Rule 8(a) or Rule 10(b), and was found to be likely subject to dismissal.  See Micklus v. Greer, 705 F.2d  314, 317 n.3 (8th Cir. 1983).  As such, the Court provided plaintiff an opportunity to amend her pleading to comply with the Federal Rules.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  Even pro se litigants are obligated to abide by the Federal Rules.  See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000).  A tool this Court often uses for pro se plaintiffs who have difficulty with organization and compliance with Federal Rules of Civil Procedure 8 and 10 is Local Rule 2.06(A).

**4. Local Rule 2.06(A)**

Pursuant to Local Rule 2.06(A), pro se plaintiffs are required to utilize a court-provided form when drafting pleadings. As a result, the Court will order plaintiff to submit her amended complaint on a court-provided civil complaint form. Thus, when plaintiff is filling out the form, she must do her best to set forth, for each named defendant, a concise and cohesive claim, in a separately numbered paragraph. She should separate each claim with a separate paragraph number, and as far as practicable, her statements should be kept to a single set of circumstances. This will assist plaintiff in keeping her claims concise and cohesive so that the Court is able to ascertain the factual circumstances relating to each defendant named in plaintiff's complaint.

Plaintiff must take care to actually give notice of the claim being made. For example, if plaintiff is making a claim for disability discrimination, she must give notice of the actual disability she is claiming and provide factual allegations to support her statements rather than just conclusory statements or "threadbare recitals of a cause of action."[3] As noted above, her failure to do so could be fatal to her claim for relief under <u>Iqbal</u>. 129 S. Ct. at 1950-51.

On the basis of the aforementioned, the Court will deny plaintiff's motions for reconsideration of the Order requiring her to amend her pleading and again order plaintiff to amend her complaint, albeit this time on the court-form. [Doc. #13 and #17] Plaintiff is warned that the filing of the amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. <u>See</u>, <u>e.g.</u>, <u>In re Wireless Telephone Federal Cost Recovery Fees Litigation</u>, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint

---

[3] The ADA define a "disability" as: (1) a physical or mental impairment that substantially limits on or more of the major life activities of an individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. <u>See</u> 42 U.S.C. § 12102(1).

on a court-form within thirty (30) days of the date of this Memorandum and Order, the Court will dismiss this action, without prejudice.

**B.**      **Plaintiff's Motion for an "in camera" Conference**

Plaintiff seeks an ex parte audience with this Court on her (previously denied) motion to file the entire case under seal. [Doc. #11] It appears plaintiff also seeks to take up other issues she would like to file under seal in the future. Plaintiff asserts that she would rather discuss the matter with the Court than "submit documents to the Court [piecemeal] that may or may not be allowed to be sealed."

Plaintiff alludes that "the file," so far unnamed and unidentified, will contain "highly personal and confidential information." And she asserts in an entirely conclusory fashion that she could be "stigmatized and subject to humiliation" if the motion is not granted. However, as this Court is still unable to ascertain exactly what the nature of the pleadings are in this case, the Court cannot acquiesce to plaintiff's request. As noted in the Court's prior Memorandum and Order, it is not enough to state generally, that the case may relate to "personal issues" or "health issues" in order to be granted an ex parte conference with the Court or a sealed document within the file. The plaintiff must provide the Court with some written, and very specific factual information relating to her alleged need for such special treatment before it will be granted. Plaintiff's motion for an "in camera" conference or sealed status call [Doc. #11] will be denied.

**C.**      **Plaintiff's Motion to File Her EEOC/MCHR Documents Under Seal**      Last, the Court will address plaintiff's motion to file her EEOC/MCHR documents under seal. [Doc. #8] In her motion to file these documents under seal, plaintiff claims that the action will likely include confidential information including medical and other information.

The Eighth Circuit has noted that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). Nonetheless, the "right to inspect and copy judicial records is not absolute." Nixon, 435 U.S. at 598; see Goff, 362 F.3d at 550. The Supreme Court has stated, "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. Nixon, 435 U.S. at 598.

After reviewing the EEOC/MCHR documents, the Court finds that plaintiff has not yet made the necessary showing as to why these documents should be filed under seal. In fact, these documents are completely lacking in factual allegations or circumstances relating to any alleged health condition or purported disability that would necessitate the "good cause" necessary for a finding that it could be filed under seal in this Court. See Local Rule 83-13.05. The Court notes that the documents filed by plaintiff do not even provide a glimpse as to her alleged "disability," except to discuss what plaintiff believed to be defendants' failure to change their website and/or emails to a more readable format.

As such, the Court will deny plaintiff's motion to file the EEOC/MCHR documents under seal at this time. [Doc. #8] The Court will direct the Clerk to unseal the documents plaintiff has filed under seal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to file her EEOC/MCHR documents under seal [Doc. #8] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an in camera conference or a sealed status call [Doc. #11] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to stay the Memorandum and Order requiring her to amend her complaint [Doc. #13 and #17] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall lift the sealed notations placed upon Documents #10, #15, #16, #17, and #18.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's civil complaint form within thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, the Court will dismiss this action without prejudice.  See Fed.R.Civ.P. 41(b).

**IT IS FURTHER ORDERED** that defendants shall not respond to plaintiff's complaint until her amended complaint has been reviewed by this Court pursuant to 28 U.S.C. § 1915.

Dated this 4th day of February, 2014.


  /s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE