# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN MELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2543 NCC |
| | ) | |
| UNUM CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on various pending motions filed by plaintiff. Also before the Court is plaintiff=s amended complaint.

By way of background, plaintiff filed this action on December 20, 2013, and this case was assigned to the undersigned, United States Magistrate Judge Noelle C. Collins, pending consent to a United States Magistrate Judge pursuant to 28 U.S.C. ' 636(c)(1). Plaintiff filed her voluntary, signed consent on January 2, 2014. Plaintiff originally filed this action as a pauper pursuant to 28 U.S.C. ' 1915. However, on March 13, 2014, plaintiff paid the $400 filing fee in this action. On that same date, plaintiff filed an amended complaint [Doc. #39] against defendants UNUM, Margaret Heylin, and Nutter, McClennen & Fish LLP.

Because plaintiff subsequently filed her amended complaint, plaintiff=s motions for leave to add parties [Doc. #21][1], for extension of time to amend, and to file under seal and for hearing [Doc. #23 and #33], will be denied as moot.

Plaintiff=s motion for reconsideration of the denial of her motion to vacate her consent to the undersigned [Doc. #24], for return of the MCHR charge [Doc. #28][2], to amend her ' 636(b) objection [Doc. #30], to set aside the orders of the undersigned and remove them from the public court file [Doc. #35][3], and to revoke consent and disqualify the undersigned [Doc. #37], will be summarily denied.

This Court has already fully addressed plaintiff=s request to revoke her consent to the undersigned in a prior Memorandum and Order [Doc. #19]. As set forth previously, it is apparent that plaintiff seeks to overturn what she construes as one or more Aadverse rulings@ against her by moving to vacate her consent to a magistrate

---

[1] On February 10, 2014, plaintiff filed a motion to withdraw a motion to add parties. [Doc. #27] This motion will also be denied as moot given that plaintiff has filed an amended complaint that supersedes her prior filings.

[2] The Court is not persuaded that the MCHR document she filed with this Court can or should be Areturned@ to her because the Asealed@ notation she placed on it was lifted by Court Order. Documents relating to the administrative processes of the Missouri Commission on Human Rights are not necessarily protected from public viewing, as more fully set forth in the Court=s prior Memorandum and Order.

[3] To the extent that Plaintiff=s Ex.1 attached to this motion [Doc. #35] contains bank account routing information and a checking account number, the Court will order the Clerk of Court to redact such information from public view.

judge. Under these circumstances, the Court finds that her numerous motions to recuse the undersigned have not been made in good faith, and that justice is best served by holding plaintiff to her consent. This is so because plaintiff has failed to show that extraordinary circumstances exist in this case that would warrant vacating the referral of this matter to a magistrate judge. As a result, the motions will be denied.

Finally, plaintiff=s motion for leave to file a written statement under seal in order to set forth why the case should actually be filed under seal [Doc. #26] will also be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff=s motions for leave to add parties [Doc. #21], for extension of time to amend, and to file under seal and for hearing [Doc. #23 and #33] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff=s motion to withdraw her motion to add parties [Doc. #27] is also **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff=s motion for reconsideration of the denial of her motion to vacate her consent to the undersigned [Doc. #24]; for return of the MCHR charge [Doc. #28], to amend her ' 636(b) objection [Doc. #30], and to revoke consent and disqualify the undersigned [Doc. #37] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff=s motion for leave to file a written statement under seal in order to set forth why the case should actually be filed under seal [Doc. #26] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff=s motion to set aside the orders of the undersigned and remove them from the public court file [Doc. #35] is **DENIED**.

**IT IS FURTHER ORDERED** that prior to lifting the sealed notation from Doc. #35, the Clerk shall redact the bank account routing information and checking account number on Exhibit #1 of Doc. #35. Because the Cashier receipted plaintiff's check on March 13, 2014, when plaintiff paid the full filing fee, the Clerk need not keep an unredacted version of Exhibit #1.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **LIFT THE SEALED NOTATION** from the following Docket Numbers [Doc. #21-38].

**IT IS FURTHER ORDERED** that plaintiff shall be responsible for serving defendants with the amended complaint [Doc. #39] pursuant to Fed. R. Civ. P. 4.

Dated this 15th day of April, 2014.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE